NIALL P. McCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, California  94010
Telephone:      (650) 697-6000
Facsimile:      (650) 692-3606

ELIZABETH S. LETCHER (SBN 172986)
eletcher@heraca.org
**HOUSING AND ECONOMIC RIGHTS
ADVOCATES**
1814 Franklin Street, Suite 1040
Oakland, California  94612
Telephone:      (510) 271-8443
Facsimile:      (510) 868-4521

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **JOY CHIN** and **JACK CHIN**, | No..    3:13-cv-02704 EDL |
| Plaintiffs, | **PLAINTIFF JOY CHIN AND JACK CHIN'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. PRO. 37** |
| v. | |
| **BANK OF AMERICA, N.A.**, et al., | |
| Defendants. | |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION                                                1

MEMORANDUM OF POINTS AND AUTHORITIES                                       2

I.      INTRODUCTION                                                       2

II.     PROCEDURAL AND FACTUAL BACKGROUND                                  2

        A.     Introduction and Procedural History                        2

        B.     Allegations of the First Amended Complaint                  3

        C.     Discovery Requests and Responses                           5

        D.     Attempts to Meet and Confer                                 6

III.    LEGAL STANDARD                                                     6

IV.     ARGUMENT                                                           7

        A.     The Court Should Compel Bank of America to Disclose
               All Responsive Documents and Information About the
               Plaintiffs and the Loan (RFP 1, 2, 5, ROG 10)              7

        B.     The Court Should Compel Bank of America to Identify
               Percipient Witnesses (ROG 2-6, 17, 20, RFP 7)             9

        C.     Bank of America Should Be Compelled to Respond to Discovery
               About Its Credit Reporting (RFP 10, ROG 1)                12

        D.     Bank of America Should Be Compelled to Respond to
               Discovery About Its Investigation (RFP 8, 9, ROG 7, 9)    14

        E.     The Court Should Compel Bank of America to Disclose Its Relevant
               Policies and Procedures (RFP Nos. 12-18)                  15

        F.     The Court Should Order Bank of America to Describe its
               Contentions and the Facts, Documents, and Witnesses
               Supporting Them (ROG Nos. 11-16, RFP No. 19)              20

V.      CONCLUSION                                                        22

1

## **TABLE OF AUTHORITIES**

2

3     *Citimortgage, Inc. v. Sanders*
          2012 U.S. Dist. LEXIS 171709 (D. Kan. Dec. 4, 2012)          18
4

5     *Clark v. Capital Credit & Collection Services, Inc.,*
          460 F.3d 1162, 1178-79 (N.D. Cal. 2006)                     18
6

7     *In re CitiMortgage, Inc.,*
          2012 U.S. Dist. LEXIS 169324, *15-16 (C.D. Cal. June 7, 2012)   15

8     *In re Grand Jury Investigation,*
9         974 F.2d 1068, 1071 (9th Cir. 1992)                          8

10    *Khasin v. Hershey Co.,*
          2014 U.S. Dist. LEXIS 23886 (N.D. Cal. Feb. 21, 2014)        8
11

12    *Trevino v. ABC Am., Inc.,*
          232 F.R.D. 612 (N.D. Cal. 2006                               18
13

14    Federal Rule of Civil Procedure 37(a),                           6

15    Civil Local Rule 37-2                                            7

16    California Code of Civil Procedure § 1985.3                      12

17    California Code of Civil Procedure § 1985.6                      12

18    Cal. Civ. Code § 1785.25                                         13
19

20

21

22

23

24

25

26

27

28

1

2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE

3 NOTICE THAT on May 20, 2014, at 9:00 a.m., or as soon thereafter as this matter may

4 be heard, at the San Francisco Courthouse, Courtroom E - 15th Floor, 450 Golden Gate

5 Avenue, San Francisco, CA 94102, Plaintiffs Jack and Joy Chin will and hereby move to

6 compel discovery responses from Defendant Bank of America , N.A.

7

8 Through this motion, Plaintiffs seek an order pursuant to Federal Rule of Civil

9 Procedure 37, and Civil Local Rule 37, directing Bank of America to respond directly

10 and completely to Plaintiffs' discovery requests, specifically Plaintiffs' Requests for

11 Production Numbers 1, 2, 5, 7, 8-10, 12-19 and Interrogatories Numbers 1-7, 9, 10-17,

12 20.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On December 13, 2013, Plaintiffs Joy and Jack Chin served requests for production and interrogatories on Defendant Bank of America.  These requests sought basic documents and information about Plaintiffs' loan, the deed in lieu transaction at the center of this lawsuit, and Bank of America's relevant policies and procedures. Declaration of Elizabeth Letcher In Support of Motion to Compel ("Letcher Decl.") ¶ 3. On February 7, 2014, Bank of America served incomplete, evasive responses, failing, for example, to identify a single fact witness or employee who had worked on the account. *Id.* ¶ 4-5.  Plaintiffs sent a detailed letter on March 4, 2014 to meet and confer about the requests, addressing each of Bank of America's objections.  *Id.* ¶ 8 and Exh. 3.  Bank of America did not respond.  On March 21, 2014, Plaintiffs again requested that Bank of America meet and confer about its discovery responses.  *Id.* ¶ 1 and Exh. 4.   Plaintiffs noted Bank of America's failure to respond again in their ENE briefing April 1, 2014.  *Id.* ¶ 11. To date, nearly four months after the requests were served, Plaintiffs have met with complete radio silence; Bank of America has not even acknowledged the efforts to meet and confer, much less substantively responded.  Accordingly, Plaintiffs respectfully request that the Court order Bank of America to respond directly and completely to Plaintiffs' discovery requests and disclose the documents central to Plaintiffs' case.[1]

### II.    PROCEDURAL AND FACTUAL BACKGROUND

#### A.  Introduction and Procedural History

In June of 2011, Plaintiffs Joy and Jack Chin signed the Deed in Lieu of Foreclosure agreement that their mortgage servicer Bank of America had sent them, mailed the agreement and the keys to their home in San Ramon to Bank of America, and moved their two children into a one bedroom hotel room.  Although the Chins fulfilled all

---

[1]    Plaintiffs' Motion for Sanctions relating to this Motion will be filed separately, pursuant to the Court's Standing Order on discovery motions.

the conditions of their Deed in Lieu of Foreclosure contract with Bank of America, which traded their interest in their home for the ability to walk away without further financial obligations, Bank of America reneged on the agreement.  It continued to demand payment from them, piling exorbitant fees and hundreds of thousands of dollars in extra interest onto their alleged debt.

Plaintiffs accordingly filed this suit, alleging Bank of America breached its contract and engaged in unfair debt collection, negligence, negligent and intentional infliction of emotional distress, and unfair business practices on June 12, 2013, seeking both injunctive relief and damages.  Docket No. 1.  After the parties agreed to stay the action for three months to attempt informal resolution, Docket No, 6, the litigation resumed in October, 2013.  Docket No. 16.

Plaintiffs were forced to amend their Complaint to add Nationstar as a Defendant after Bank of America transferred servicing of the loan to Nationstar while the proceedings were stayed.  Docket No. 21.  At the Case Management Conference held January 14, 2014, Bank of America represented that servicing would be transferred back to it.  The Court ordered the parties to file an update on dismissal by January 28, 2014.  Docket No. 28.  On January 28, 2014, counsel for Bank of America represented that the transfer was underway, but failed to otherwise respond to requests for an update.   Docket No. 31.  Accordingly, Plaintiffs relayed Bank of America's email to the Court on February 3, 2014.  *Id.*  As of the date of this Motion, Nationstar appears to still hold servicing of the loan, and answered Plaintiffs' First Amended Complaint on April 8, 2014.  Docket No. 33.

Trial is set in the case for November 17, 2014.  The fact discovery cutoff is July 2, 2014.

**B.      Allegations of the First Amended Complaint**

Jack and Joy Chin had made their home and raised their children at 1820 Barossa Drive in San Ramon for nearly a decade, but suffered financial hardship, and by 2008

were forced to apply for foreclosure prevention assistance.  First Amended Complaint,

Docket No. 23  ¶¶ 19-21.   They were ultimately denied a modification, and applied for a

Deed in Lieu of foreclosure, which would convey the house to Bank of America in

exchange for release from liability for the loan.  *Id.* ¶ 21.  In May, 2011, Bank of America

approved them for a Deed in Lieu, and agreed to release their second lien as part of the

transaction.  *Id.* ¶ 22.   The Chins met every condition of the Deed in Lieu agreement.  *Id.*

¶ 24.  They signed all the documents required before a notary and returned them to Bank

of America.  *Id.*.  They moved their entire family of four to a hotel room on June 13,

2011, and mailed the keys to their home to the bank.  *Id.*

Rather than honoring the Deed in Lieu, however, Bank of America continued to

collect as if the agreement did not exist.  The Chins received a notice from Bank of

America in August, 2011 that they owed over $26,000 in property taxes.  *Id.* ¶ 28. The

Chins contacted Bank of America, believing this to be a mistake.  *Id.*  But starting in

October 2011, Bank of America began repeatedly calling the Chins at work and on their

cell phones about the mortgage on the Barossa Drive property.  *Id.*   Ultimately, in

January of 2012, six months after they had moved out, Bank of America informed them

that their "request" for a Deed in Lieu was "denied."  *Id.* ¶ 29.

For the next year, Bank of America sent bills and letters attempting to collect an

ever-increasing balance on the home, imposing force-placed insurance of $10,000 per

year, charging default fees, and, at one point, demanding payments of nearly $9,000 a

month, and ultimately seeking nearly $250,000 in arrears. *Id.* ¶¶ 29-30, 32.   Bank of

America offer the Chins various "options" to avoid foreclosure, including loan

modification, short sale, or another yet another Deed in Lieu, *id.* ¶ 31, and repeatedly

threatened to foreclose, *id.* ¶ 32, but did not do so. Faced with ever-mounting debt, the

Chins moved back in May, 2013, and filed this suit.

Plaintiffs' complaint alleges causes of action against Bank of America for (1)

Breach of the Deed in Lieu Contract;  (2) violation of the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ Code  1788 *et seq.*, (3) negligence;  (4) intentional infliction of emotional distress; (5) intentional infliction of emotional distress;  (6) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code 1785.25, and  (7) unfair, unlawful, and fraudulent business practices in violation of Bus & Prof. Code § 17200 *et seq.*. *Id.* ¶¶ 36-75.  The Complaint seeks injunctive relief, including an order requiring Defendants to reform or modify the loan and strip chanrges to which they are not entitled, actual and punitive damages, and fees and costs.  *Id.* ¶¶ 75-77.

**C.     Discovery Requests and Responses**

With their first set of discovery, Plaintiffs sought basic information about the loan, the transaction, and the events described in the FAC.  *See* Letcher Decl ¶ 3.  They specifically sought

> • Documents about the Plaintiffs and the loan (Requests for Production ("RFP") Nos. 1, 2, 4), about attempts to foreclose (RFP No. 6), and about application of payments to the loan (RFP No. 11) and arrears (Interrogatory ("ROG") No. 10);
>
> • Bank of America's communications with others about the loan, including all communications with Defendants U.S. Bank and Nationstar, and any third party debt collectors.  (RFP Nos. 3, 5);
>
> •   Identification of witnesses to the events described in the First Amended Complaint (RFP 7) and of employees who handled the loan ROG Nos. 2-6, 17, 29)
>
> • Documents  and information about any audit, investigation, or correction related to the loan or any complaint about the loan (RFP Nos. 7-9, ROG No. 7, 9);
>
> • Documents about Bank of America's credit reporting on the loan (RFP No. 10, ROG 1);
>
> • Bank of America's policies and procedures relating to Deeds in Lieu and handling accounts after a Deed in Lieu is signed and returned (RFP Nos. 12-15, ROG 8), and to reasons for cancelling a Deed in Lieu agreement (RFP No. 18);
>
> • Incentives and discipline for employees handling borrower accounts or failing to properly implement deeds in lieu; (RFP 16, 17); and

• Bank of America's contentions about the enforceability and breach of the Deed in Lieu contract (ROGS 11-15) and the facts and documents that support of its defenses (ROGS 16, 18) and refusals to admit (ROGS 19, 21).Documents Bank of America claims supports its position (RFP No. 19).

In response, Bank of America stated it would disclose documents in response to some requests (including documents relating to the Plaintiffs, servicing records, communications with third parties, foreclosure and application of payments (Nos. 1, 3, 5, 6, 11)), but provided only objections and refused to respond to all others (Nos. 2, 4, 7-10, 12-19).  It provided solely objections to many interrogatories (Nos. 1-7, 9, 17, 20).

**D.     Attempts to Meet and Confer**

As set out above, Bank of America has simply ignored Plaintiffs' good faith attempts to meet and confer.   Letcher Decl. ¶ 8-11 and Exh. 3-4.  It has not responded at all to a detailed meet and confer letter, follow up email weeks later, or further mention of its failure to respond in advance of ENE.  *Id.* .

Plaintiffs now move to compel further production in response Requests for Production Numbers 1, 2, 5, 7, 8-10, 12-19 and Interrogatories Numbers 1-7, 9, 10-17, and 20.

**III.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37(a), a party may move to compel a discovery response where a party fails to answer an interrogatory served under Rule 33 or fails to permit inspection of documents requests pursuant to Rule 34.  For purposes of this rule, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.  Fed. R. Civ. P. 37(a)(4).

If a motion to compel is granted, the responding party must pay the movant's "reasonable expenses incurred in making the motion, including attorney's fees," unless the failure to respond was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

*//*

IV.   **ARGUMENT**[2]

    A.    **The Court Should Compel Bank of America to Disclose *All* Responsive Documents and Information About the Plaintiffs and the Loan (RFP 1, 2, 5, ROG 10)**

Although Bank of America responded that it would comply with Requests for Production Nos. 1 and 5, the documents it produced were obviously incomplete.

REQUEST FOR PRODUCTION NO. 1:
All DOCUMENTS related to PLAINTIFFS, including, without limitation, all electronically and otherwise stored:
a. Account records, including, without limitation, all payments made to Bank of America, escrow information, all fees and charges placed on the Account, corporate advances, funds held in suspense accounts and all adjustments made to the Account;
b. Servicing notes and call logs;
c. Promissory notes, mortgages, deeds of trust, and any other security instruments;
d. Documents that relate to Deed in Lieu of foreclosure offers or agreements, including, without limitation, applications, underwriting, findings, correspondence and telephone calls logs and notes that relate to Communications with PLAINTIFFS;
e. Documents that relate to Loan Modifications, including, without limitation, applications, underwriting, findings, correspondence and telephone calls logs and notes that relate to Communications with PLAINTIFFS;
f. Communications sent to and received from PLAINTIFFS, including, without limitation, monthly mortgage statements, escrow analyses, Communications that relate to foreclosure, default and/or collection activity, sent by Bank of America and/or its foreclosure counsel, Communications that relate to Deed in Lieu of foreclosure programs; and
g. Appraisals and Broker Price Options.

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
Bank of America, N.A. will produce all relevant documents related to this request for production in its possession or control.

REQUEST FOR PRODUCTION NO. 5:
All DOCUMENTS related to COMMUNICATIONS between YOU and any other entity or person, including but not limited to defendants U.S. Bank. And Nationstar Mortgage, LLC, and any third party debt collectors, related to the LOAN[3].

---

[2] Because Bank of America has refused to respond to Plaintiffs' meet and confer attempts, Plaintiffs are unable to discern which of its many boilerplate objections Bank of America is actually relying on in refusing to provide complete responses. Accordingly, in the following section, Plaintiffs attempt to address what appear to be Bank of America's primary bases for withholding information, while simultaneously complying with the requirements of Civil Local Rule 37-2.

<u>DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>
Bank of America, N.A. will produce all relevant documents related to this request
for production in its possession or control.

In response to Requests for Production Numbers 1 and 5, Bank of America
disclosed loan origination, loss mitigation, and some servicing and collection records.
Letcher Decl. ¶ 4-5.  However, these responses were woefully incomplete; many
responsive and critical documents were obviously missing.  For example, although Bank
of America claims that it did not enter into the Deed in Lieu because "Plaintiffs did not
release the junior lienholders on the property," Response to Interrogatory No. 19, *Bank
of America was the junior lienholder*, as the lender on home equity line of credit.  Indeed,
Bank of America's servicing records suggest that the lien on Bank of America's second
lien was not released, despite its promise to do so, because representatives had been
dealing with the wrong branch and no ministerial steps had been taken to release the lien
months after the Deed in Lieu transaction.  Letcher Decl.¶ 5 and Exh. 1.  Yet Bank of
America disclosed *no* records whatsoever relating to its second lien home equity line of
credit on the home.  Similarly, information about the transfer of servicing to Nationstar is
crucial to Plaintiffs' claims for injunctive relief.  Bank of America asserted no objections
to RFP Nos. 1 or 5, yet it disclosed *no* communications with Nationstar about the loan no
any topic, did not disclose what it sent Nationstar on transfer of servicing, and disclosed
no contracts with Nationstar or the investor that govern the.   Letcher Decl. ¶ 5.[4]

<u>REQUEST FOR PRODUCTION NO. 2</u>:
All DOCUMENTS related to the LOAN.

---

[3] "LOAN" is defined as "the mortgage loan in PLAINTIFF's name identified with Bank
of America Loan Number 872325440 which is secured by the PROPERTY."
"PROPERTY" is defined as "the property located at 1820 Barossa Drive, San Ramon,
CA 94582."

[4] The documents produced were also inappropriately redacted, and no privilege log was
served.  See Letcher Decl. ¶ 6 and Exh. 2.  The Court should require Bank of America to
produce a privilege log that meets the requirements of Fed. R. Civ. P. 26(b)(5) and this
Court's standing order on discovery disputes ¶ 5.  *See In re Grand Jury Investigation*,
974 F.2d 1068, 1071 (9th Cir. 1992) (listing requirements) *cited in Khasin v. Hershey
Co*., 2014 U.S. Dist. LEXIS 23886 *7 (N.D. Cal. Feb. 21, 2014).

<u>DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:</u>
Bank of America, N.A. objects to this request for production as it is vague and
ambiguous and overbroad and unduly burdensome. As stated, the request does not
specify with reasonable particularity the documents Plaintiffs are seeking.

Bank of America's boilerplate objections to Request No. 2 are unavailing. The
"LOAN" is defined in the instructions as the mortgage loan in Plaintiffs' name, secured
by the property at 1820 Barossa, and identified by loan number.  That description is
sufficiently particular; the request seeks all unprivileged documents relating to the loan.

<u>INTERROGATORY NO. 10:</u>
Please set out the amount by which PLAINTIFFS were in arrears, broken down by
principal, interest, escrow items, and each other fee or charge imposed, for each month
from the date of PLAINTIFFS' first delinquency on the LOAN to the present.

<u>DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 10:</u>
Bank of America, N.A. incorporates by reference attachment A to these responses
as its response to Special Interrogatory No. 10.

Bank of America did not attach anything to its responses.  Bank of America
offered no objections to Interrogatory No. 10.  The Court should compel it to answer the
straightforward question breaking down the amount the Chins allegedly owe.

**B.      The Court Should Compel Bank of America to Identify Percipient
Witnesses (ROG 2-6, 17, 20, RFP 7)**

Bank of America is also bluntly attempting to evade identifying percipient
witnesses.  Plaintiffs asked Bank of America to "identify" certain witnesses (defined as
providing "that person's name, title, address and telephone number" Letcher Decl. ¶ 13):

<u>INTERROGATORY NO. 2:</u>
IDENTIFY and list the dates of employment any of YOUR employees, agents or service
who was involved in handling the deed in lieu of foreclosure of the LOAN, including
but not limited to drafting the DEED IN LIEU of foreclosure, reviewing it, and/or
approving or disapproving it, from 2010 to the present.

<u>DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 2:</u>
Bank of America, N.A. objects to the form of this Special Interrogatory. The
interrogatory is overbroad, vague, ambiguous and harassing. The dates of
employment of various employees is · irrelevant to this litigation and are not
designed to lead to discoverable or admissible information. The special

interrogatory seeks personal,  confidential and privileged information about employees of the Bank of America, N.A. and the Plaintiff has not complied with the requirements of Code of Civil Procedure § 1985.3 or § 1985.6. The special interrogatory seeks information which is protected by the     attorney/client privilege.

INTERROGATORY NO. 3:
IDENTIFY and list the dates of employment any of YOUR employees, agents or service who were involved in applying payments, charges, or credits on or for the LOAN, including but not limited to any person who determined how to account for payments and charges or applied payments or charges from the date of PLAINTIFFS' first default on the loan to the present.


DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 3:
Bank of America, N.A. objects to the form of this Special Interrogatory. The interrogatory is overbroad, vague, ambiguous and harassing. The dates of employment of various employees is irrelevant to this litigation and are not designed to lead to discoverable or admissible information. The special interrogatory seeks personal, confidential and privileged information about employees of the Bank of America, N.A. and the Plaintiff has not complied with the requirements of Code of Civil Procedure§ 1985.3 or § 1985.6. The special interrogatory seeks information which is protected by the attorney/client privilege.

INTERROGATORY NO. 4:
IDENTIFY and list the dates of employment of each of YOUR employees, agents or servants who engaged in any work relating to PLAINTIFFS' account, including but not limited to reviewing the LOAN or loan file, reviewing communications, or taking any actions with respect to the LOAN, from 2010 to the present.

DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 4:
Bank if America, N.A. objects to the form of this Special Interrogatory. The interrogatory is overbroad, vague, ambiguous and harassing. The dates of employment of various employees is irrelevant to this litigation and are not designed to lead to discoverable or admissible information. The special interrogatory seeks personal, confidential and privileged information about employees of the Bank of America, N.A. and the Plaintiff has not complied with the requirements of Code of Civil Procedure § 1985.3 or § 1985.6. The special interrogatory seeks information which is protected by the attorney/client privilege.

INTERROGATORY NO.  5:
IDENTIFY and list the dates of employment of each of YOUR employees, agents, or servants who communicated in any manner with PLAINTIFFS from 2010 to the present.

DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 5:
Bank of America, N.A. objects to the form of this Special Interrogatory. The interrogatory is overbroad, vague, ambiguous and harassing. The dates of employment of various employees is irrelevant to this litigation and are not designed to lead to discoverable or admissible information. The special

interrogatory seeks personal,  confidential and privileged information about employees of the Bank of America, N.A. and the Plaintiff has not complied with the requirements of Code of Civil Procedure § 1985.3 or § 1985.6. The special interrogatory seeks information which is protected by the  attorney/client privilege.

INTERROGATORY NO. 6:
IDENTIFY the manager(s) in charge of each of the individuals listed in response to interrogatories 3-5.

DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 6:
Bank of America, N.A. objects to the form of this Special Interrogatory. The interrogatory is overbroad, vague, ambiguous and harassing. The form of this special interrogatory is not limited in time or scope or job performance of any of the employees for such demands. The interrogatories nos. 1-5 do not request the names of employees but only the date of employment.

INTERROGATORY NO. 17:
IDENTIFY all witnesses on which you intend to rely to refute any claim alleged in PLAINTIFFS' First Amended Complaint or to support any defense YOU asserted or intend to assert in this action.

DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER 17:
Bank of America, N.A. is unable to answer this special interrogatory at this point in the litigation. This response will be amended when the witnesses have been determined.

SPECIAL INTERROGATORY NO. 20:[5]
For each of Plaintiff's Requests for Admission, Set One that you do not respond with an unqualified admission, IDENTIFY all witnesses with knowledge of that facts upon which you base your response.

DEFENDANT'S RESPONSE TO INTERROGATORY NUMBER [20]:
Bank of America, N.A. is unable to answer this special interrogatory at this point in the litigation. This response will be amended when the witnesses have been determined.

Bank of America has not provided a single name in response to any of the foregoing interrogatories.  It is not "overbroad" or "harassing" to ask for the names of percipient witnesses.  Their dates of employment are relevant both to the depth of their knowledge and how they can be contacted.  Disclosing employees' names and work addresses does not invade their privacy.  Plaintiffs are not required to comply with the

---

[5]   Mislabeled No. 33 in Bank of America's Responses

requirements of the California Code of Civil Procedure for seeking consumer information

(§ 1985.3) or employment records (§ 1985.6) in this federal case, nor are they relevant to

requests to simply identify employees who handled the Chins' loan.  Bank of America

has failed to provide any explanation for how the names of employees could be protected

by the attorney–client privilege.  Bank of America's slapdash, absurd objection

Interrogatory No. 6, refusing to identify the managers of employees identified in response

to ROGs 3-5 on the ground that those interrogatories "do not request the names of

employees but only the date of employment" is pointlessly evasive.

Plaintiffs also sought documents that would help identify witnesses:

REQUEST FOR PRODUCTION NO. 7:
All DOCUMENTS which identify the persons who conducted any investigation YOU did in response to any disputes, complaints, or requests to correct errors made by PLAINTIFFS concerning the LOAN.

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
 Bank of America, N.A. objects to this request for production as it requires the disclosure of documents protected by the attorney-client privilege. Bank of America, N.A. objects to this request for production as it requires the production of attorney work-product.  Bank of America, N.A. objects to this request for production as it is a loaded question in that it requires Bank of America, N.A. to acknowledge "mistakes" or "errors" to respond to the request for production and Bank of America, N.A. has not admitted to any mistakes or errors.

A response to Request for Production Number 7 requires no admission of

wrongdoing; it requires Bank of America to disclose documents identifying any

employees who conducted any investigation in response to complaints.  With a discovery

cutoff less than three months away, Bank of American cannot be allowed to hamper

Plaintiffs' attempts to identify deponents and potential trial witnesses.

**C.   Bank of America Should Be Compelled to Respond to Discovery About Its Credit Reporting (RFP 10, ROG 1)**

Plaintiffs sought information about Bank of America's credit reporting.  The

responses were wholly evasive.

REQUEST FOR PRODUCTION NO. 10:
All DOCUMETNS which reflect the information YOU submitted to any credit reporting agency (such as Experian, Equifax, or TransUnion) concerning the LOAN.

DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
Bank of America, N.A. objects to this request for production as it is vague and ambiguous and overbroad and unduly burdensome. The request is not limited in scope by time period or any meaningful or relevant identification. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.

INTERROGATORY NO. 1:
Please list your credit reporting on the LOAN to Equifax, Experian, and Trans Union each month since the loan became delinquent.

DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1:
Bank of America, N.A. is unable to respond to this Special Interrogatory as it does not know what "list your credit reporting means" [sic]. This special interrogatory as [sic] vague and ambiguous and as phrased in unintelligible [sic].

Plaintiffs' request for information on credit is simple, straightforward, and plainly relevant to Plaintiffs' claims, including Plaintiffs' Sixth Cause of Action for violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.25. The requests are not vague, unintelligible, or ambiguous. Not only are the credit reporting agencies enumerated, but credit reporting is a simple, monthly event for virtually every loan BANA services. The requests are limited in time from the inception of the loan in 2007 to the present. The document request is particular: any documents about credit reporting on the Chins' loan – including requests to change the reporting, internal discussions of the reporting, complaints about the reporting, etc. BANA's failure to respond to such relevant, narrowly tailored, and ordinary requests is plainly evasive. The Court should order Bank of America to disclose each field of its credit reporting every months since the loan became delinquent.

//

//

//

**D.    Bank of America Should Be Compelled to Respond to Discovery About Its Investigation (RFP 8, 9, ROG 7, 9)**

Plaintiffs sought plainly relevant information about Bank of America's investigation of Plaintiffs' complaints and review of the botched servicing of the loan. Bank of America refused to respond.

REQUEST FOR PRODUCTION NO. 8:
All DOCUMENTS relating to any audit or review of the LOAN.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 8
Bank of America, N.A. objects to this request for production as it is vague and ambiguous and overbroad.  As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.  Bank of America, N.A. further objects to this request as overbroad and unduly burdensome.

REQUEST FOR PRODUCTION NO. 9:
All DOCUMENTS related to any investigation YOU conducted in response to any dispute PLAINTIFFS made concerning the LOAN.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 9:
Bank of America, N.A. objects to this request for production as it requires the disclosure of documents protected by the attorney-client privilege.  Bank of America, N.A. objects to this request for production as it requires the production of attorney work product.  Bank of America, N.A. objects to the form of this request for production as it is vague and ambiguous and overbroad as to what is meant by "investigation."  As stated, the request does not specify with reasonable particularity what documents Plaintiffs are seeking.  Bank of America, N.A. further objects to this request as overbroad and unduly burdensome.

INTERROGATORY NO. 7:
Please describe each review, audit, or internal investigation performed in relation to this LOAN.

DEFENDANTS' RESPONSE TO INTERROGATORY NO. 7:
Bank of America, N.A. objects to the form of this Special Interrogatory.  The Interrogatory is overbroad, vague, ambiguous and harassing.  The form of this special interrogatory is not limited in time or type of "review, audit, or internal investigations for such demands.  The special interrogatory seeks information that is protected by the attorney-client privilege. [sic]

INTERROGATORY NO. 9:
Please describe all steps YOU took to investigate and/or correct errors to PLAINTIFFS' account, including but not limited to errors or problems of any kind relating to the DEED IN LIEU of foreclosure.

DEFENDANTS' RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Bank of America, N.A. objects to the form of this special interrogatory as it is argumentative and assumes facts not in evidence.  Bank of America, N.A. does not admit that there are any errors in the process that is the subject of this lawsuit.

Bank of America's boilerplate objections that the foregoing requests are insufficiently particular, are vague or overbroad, are unavailing.  The requests for documents and information about any audit, review or investigation relating to the loan use plain English and seek documents related to specific processes about a specific loan.  They are not harassing, nor are they unduly burdensome.  The "mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request." *Capetta v. G.C. Services Ltd. Partnership*, 2008 WL 53777934, at *3 (E.D. Va. Dec. 24, 2008)(internal citations and quotations omitted), *cited in In re CitiMortgage, Inc.,* 2012 U.S. Dist. LEXIS 169324, *15-16 (C.D. Cal. June 7, 2012).   Here, there is one loan at issue; either there was an investigation, review or audit that involved the loan (or more than one) or not.  The undue burden objection fails.  Bank of America has produced no privilege log that would allow Plaintiffs or the Court to evaluate its claim that the requests seek documents protected by the work-product or attorney-client privileges.  Finally, Interrogatory No. 9 is not argumentative; if Bank of America believes there were no errors, it can say so, or say that there are no responsive documents, but it must respond.

### E.     The Court Should Compel Bank of America to Disclose Its Relevant Policies and Procedures (RFP Nos. 12-18)

In addition to seeking information and documents specific to Plaintiffs' loan, Plaintiffs also sought basic information and documents regarding Bank of America's standard policies and procedures that governed its treatment of Plaintiffs' loan and deed in lieu contract.  Bank of America has refused to respond to these plainly appropriate requests.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS relating to YOUR policies, procedures, training materials, or instructions, whether formal or informal, in effect from 2010 to the present, regarding the offer, acceptance, and processing of deeds in lieu of foreclosure.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking. Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome. [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that relate to YOUR policies, practices and procedures related to approving borrowers for Deeds in Lieu of Foreclosure.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking. Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome. [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that relate to YOUR policies, practices and procedures relating to circumstances under which YOU cancel, terminate, correct errors in, or otherwise change the terms of Deeds in Lieu of Foreclosure.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking. Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome. [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects

to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that relate to YOUR policies, practices and procedures related to collecting on accounts of borrowers after the borrowers have signed and returned Deed in Lieu of Foreclosure documents.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.  Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome.  [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that provide reasons for cancelling, terminating, correcting errors in, or otherwise changing the terms of Deeds in Lieu of Foreclosure, including, without limitation policy documents and COMMUNICATIONS sent to Borrowers.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Bank of America, N.A. objects to this request for production as it is vague and ambiguous and overbroad.  As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.  Bank of America, N.A. further objects to this request as overbroad and unduly burdensome.


Bank of America responded to the foregoing requests with boilerplate objections, including an objection that the requests were overbroad and not sufficiently particular. To the contrary, Plaintiffs' requests for policies and procedures related processing of deeds in lieu (DIL), are concrete, plain, and circumscribed as to time.  Bank of America is required to maintain policies and procedures for loss mitigation by the OCC and CFPB regulation, among others precisely to protect borrowers from shoddy and abusive servicing.  Letcher Decl. ¶ 12.   These Deed in Lieu related policies go to the heart of this case.  Plaintiffs are entitled to learn what protections Bank of America had in place to avoid the egregious mistreatment and unlawful conduct they suffered, and whether

1    BANA employees followed them in this instance.  BANA's policies and procedures are

2    plainly relevant to BANA's Eleventh Affirmative Defense, that the conduct complained

3    of in the Complaint was the result of "bona fide error, notwithstanding the use of

4    reasonable procedures that Defendants adopted and would avoid any violation of the

5    law."

6         Courts regularly order disclosure of policies and procedures where they are

7    relevant to such claims or defenses. *See, e.g., Trevino v. ABC Am., Inc.,* 232 F.R.D. 612

8    (N.D. Cal. 2006)(compelling internal reports, memos, operation manuals and procedures

9    on the use of the collection notices and how to ensure that those notices comply with the

10   FDCPA);  *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1178-79

11   (N.D. Cal. 2006) (reversible error to grant summary judgment before allowing discovery

12   into a debt collector's procedures to verify disputed debts);  *Citimortgage, Inc. v. Sanders*

13   2012 U.S. Dist. LEXIS 171709 (D. Kan. Dec. 4, 2012) (ordering disclosures of mortgage

14   servicer's policies and procedures for when it will return a signed modification agreement

15   to the borrower).

16        Bank of America's objections are specious.  It objects that the requests seek

17   "confidential … proprietary information."   The Northern District of California's standard

18   stipulated protective order will more than adequately protect any trade secret concerns.

19   Plaintiffs sent Bank of America a copy of the protective order, but Bank of America

20   failed to sign it or otherwise respond.  Letcher Decl. ¶ 8 Exh. 3.   Bank of America's

21   objection that requests for its own policies and procedures and practices seek

22   "confidential customer" information is absurd.  Its claim that the policies and procedures

23   its front-line employees use to approve or cancel deed in lieu agreements constitute

24   confidential attorney-client communications or work product is similarly absurd, and

25   unsupported by a privilege log.

26   /

27   //

28

REQUEST FOR PRODUCTION NO. 16:
All DOCUMENTS that relate to incentives, bonuses, gifts, prizes or other awards YOU provide to YOUR Employees related to handling Borrower inquiries and collecting on Borrower Accounts.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 16:
Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.  Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome.  [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. [¶]  Bank of America, N.A. further objects to this request for production as it is information that is not relevant to this lawsuit and not reasonably calculated to lead to discoverable or admissible evidence.


REQUEST FOR PRODUCTION NO. 17:
All DOCUMENTS that relate to any disciplinary action(s) YOU take or have taken against Employees who fail to properly implement and/or process Deeds in Lieu of Foreclosure.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 17:
Bank of America, N.A. objects that this request is vague, ambiguous, and compound. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking.  Bank of America, N.A. further objects that this request as [sic] overbroad and unduly burdensome.  [¶] Bank of America, N.A. further objects to the extent that this request seeks confidential customer and proprietary information. Bank of America, N.A. will not produce documents containing confidential or proprietary information unless and until the parties entire an appropriate protective order preventing the disclosure of such information to third parties. Bank of America, N.A. further objects to the extent this request seeks information protected by the attorney-client privilege and/or attorney work product doctrine. [¶]  Bank of America, N.A. further objects to this request for production as it is information that is not relevant to this lawsuit and not reasonably calculated to lead to discoverable or admissible evidence.


BANA's policies on incentive structures for employees in handling borrower accounts and disciplinary procedures for employees who fail to properly implement the DIL are also relevant, as they go to whether Bank of America's negligent, unlawful conduct was the product of institutional policies and practices that encouraged and rewarded the shoddy servicing at issue here.  They are also relevant to Bank of America's

1   "bona fide error" defense.   Its "proprietary information," "customer information" and

2   attorney client privilege and work product objections are unavailing, as above.

3

4         **F.      The Court Should Order Bank of America to Describe its Contentions**
                       **and the Facts, Documents, and Witnesses Supporting Them (ROG**
                       **Nos. 11-16, RFP No. 19)**

5

6         Bank of America has also refused to respond to documents requests and

7   interrogatories that seek the details of Bank of America's legal and factual contentions in

8   this lawsuit, and the evidence supporting them.

9   INTERROGATORY NO. 11:
    If YOU contend that the DEED IN LIEU is not an enforceable contract, describe in

10  detail all of the bases for that contention.

11  DEFENDANTS' RESPONSE TO INTERROGATORY NO. 11:

12  The DEED IN LIEU is not a defined document as multiple documents were attached as
    Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU

13  as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a
    contract.  It is a form of Grant Deed.  The remaining documents that were attached to the

14  Complaint are not signed by Bank of America, N.A. and its consent to the contract is not
    evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the

15  Deed in Lieu of Foreclosure could not be recorded.

16  INTERROGATORY NO. 12:

17  Describe in detail all conditions of the DEED IN LIEU, if any, that YOU contend
    PLAINTIFFS failed to meet.

18

19  DEFENDANTS' RESPONSE TO INTERROGATORY NO. 12:

20  The DEED IN LIEU is not a defined document as multiple documents were attached as
    Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU

21  as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a
    contract.  It is a form of Grant Deed.  The remaining documents that were attached to the

22  Complaint are not signed by Bank of America, N.A. and its consent to the contract is not
    evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the

23  Deed in Lieu of Foreclosure could not be recorded.

24  INTERROGATORY NO. 13:

25  If YOU contend that YOU did not make an offer to PLAINTIFFS when you provided
    them with the DEED IN LIEU, describe in detail the bases for that contention.

26  DEFENDANTS' RESPONSE TO INTERROGATORY NO. 13:

27  The DEED IN LIEU is not a defined document as multiple documents were attached as
    Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU

28  as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a

---

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**                                        20

contract.  It is a form of Grant Deed.  The remaining documents that were attached to the Complaint are not signed by Bank of America, N.A. and its consent to the contract is not evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the Deed in Lieu of Foreclosure could not be recorded.

INTERROGATORY NO. 14:
If YOU contend that PLAINTIFFS did not accept your offer of the DEED IN LIEU, describe in detail the bases for that contention.

DEFENDANTS' RESPONSE TO INTERROGATORY NO. 14:
The DEED IN LIEU is not a defined document as multiple documents were attached as Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a contract.  It is a form of Grant Deed.  The remaining documents that were attached to the Complaint are not signed by Bank of America, N.A. and its consent to the contract is not evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the Deed in Lieu of Foreclosure could not be recorded.

INTERROGATORY NO. 15:
Describe in detail all of the reasons why YOU have not complied with the DEED IN LIEU.

DEFENDANTS' RESPONSE TO INTERROGATORY NO. 15:
The DEED IN LIEU is not a defined document as multiple documents were attached as Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a contract.  It is a form of Grant Deed.  The remaining documents that were attached to the Complaint are not signed by Bank of America, N.A. and its consent to the contract is not evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the Deed in Lieu of Foreclosure could not be recorded.

INTERROGATORY NO. 16:
IDENTIFY all facts on which you intend to rely to refute any claim alleged in PLAINTIFFS' First Amended Complaint or to support any defense YOU asserted or intend to assert in this action.

DEFENDANTS' RESPONSE TO  INTERROGATORY NO. 16:
The DEED IN LIEU is not a defined document as multiple documents were attached as Exhibit A to the Complaint.  It is unclear what Plaintiff refers to as the DEED IN LIEU as a contract.  The documents itself that is titled as a Deed in Lieu of Foreclosure is not a contract.  It is a form of Grant Deed.  The remaining documents that were attached to the Complaint are not signed by Bank of America, N.A. and its consent to the contract is not evident.  Furthermore, Plaintiff failed to remove the junior liens on the property and the Deed in Lieu of Foreclosure could not be recorded.

REQUEST FOR PRODUCTION NO. 19:
All DOCUMENTS on which you intend to rely to refute any claim alleged in PLAINTIFFS' First Amended Complaint or to support any defense YOU asserted or intend to assert in this action.

DEFENDANTS' RESPONSE TO REQUEST FOR PRODUCTION NO. 19:
Bank of America, N.A. objects to this request for production as it is vague and ambiguous and overbroad. As stated, the request does not specify with reasonable particularity the documents Plaintiffs are seeking. Bank of America, N.A. further objects to this request as overbroad and unduly burdensome. Bank of America, N.A. further objects to this request as seeking irrelevant information to the extent that the request is not limited to seeking documents relating to lender placed hazard insurance. [¶] Bank of America has not completed discovery in this action. Plaintiffs have not produced their initial disclosures. As such, Bank of America, N.A. cannot reasonably respond to this request for production as it is based upon speculation and uncertainty.

These contention interrogatories go to core legal questions in this case. BANA's ridiculous quibbling that it cannot discern what constitutes the contract at issue, or that a "Grant Deed in Lieu of Foreclosure" is different from a "deed in lieu," does not constitute a good faith response. "DEED IN LIEU" is defined as Exhibit A to the Complaint. Bank of America's objections to Request for Production are pure cut and paste error – this case is not about lender placed hazard insurance. Plaintiffs timely served their initial disclosures three days after the Objections were served, on February 10, 2014, Letcher Decl. ¶ 14.

Although this case was filed nearly a year ago, Plaintiffs still do not know what they allegedly did wrong – whether they failed to meet any conditions of the contract (ROG 12), whether their acceptance was faulty (ROG 14) or something else. Plaintiffs also are entitled to understand Bank of America's contract theories. With only three months left in discovery, and with trial seven months away, Bank of America cannot be allowed to evade such requests any longer.

V.   **CONCLUSION**

Bank of America's failure to produce even the most basic information and documents in this case—documents regarding the second lien, names of employees who handled Plaintiffs' loan and deed in lieu, policies governing approval and enactment of deed in lieu agreements—is astounding. The discovery cutoff is only three months away,

1   and trial is set to commence in November.  Without these basic documents and

2   information, Plaintiffs are prejudiced in their ability to effectively prosecute this case and

3   hold Bank of America liable for its conduct.  Accordingly, Plaintiffs respectfully request

4   that the Court order Bank of America to immediately provide all responsive information

5   and documents to Requests for Production Numbers 1, 2, 5, 7, 8-10, 12-19 and

6   Interrogatories Numbers 1-7, 9, 10-17, and 20.

8   Dated:  April 9, 2014          **HOUSING AND ECONOMIC RIGHTS**
                                   **ADVOCATES**

10                                 By:  /s/ Elizabeth S. Letcher
                                        ELIZABETH S. LETCHER

13                                 **COTCHETT, PITRE &McCARTHY, LLP**
                                       NIALL P. McCARTHY

14                                     ANNE MARIE MURPHY

                                       JUSTIN T. BERGER

16                                 *Attorneys for Plaintiffs*